IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIRGINIA CURRAN,<br><br>    *Plaintiff,*<br><br>  v.<br><br>ETHICON, INC., *et al.*,<br><br>    *Defendant.* | CIVIL ACTION<br>NO. 19-05755 |

**PAPPERT, J.**                             March 16, 2020

## MEMORANDUM

  This is one of the many cases involving an allegedly defective pelvic mesh device made by Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). Virginia Curran sued Ethicon, as well as Secant Medical, Inc., in the Philadelphia Court of Common Pleas for injuries related to a procedure implanting the pelvic mesh device. After the court dismissed Curran's claims against Secant with prejudice, Ethicon removed the case to federal court. Curran now moves to remand the case back to the Common Pleas Court; Ethicon moves to dismiss for lack of personal jurisdiction or, alternatively, to transfer the case to the United States District Court for the District of Rhode Island. The Court denies Curran's Motion to Remand and Ethicon's Motion to Dismiss but grants Ethicon's Motion to Transfer.

I

  The pelvic mesh litigation began over a decade ago. To cope with the influx of cases, the Philadelphia Court of Common Pleas created a mass tort proceeding, *In re Pelvic Mesh Litigation*, over which Judge Arnold L. New still presides. On the master docket, the "pelvic mesh plaintiffs collectively . . . file[d] a 'long form' complaint

1

alleging facts and causes of action that applied globally to all pelvic mesh cases." *Hammons v. Ethicon, Inc.*, 190 A.3d 1248, 1256 (Pa. Super. Ct. 2018). Each individual plaintiff then filed a "short form" complaint adopting all or portions of the long form complaint and "asserting any new facts or causes of action not in the long form complaint." *Id.* The long form complaint in the *Pelvic Mesh Litigation* named Ethicon and Secant, among others, as defendants. *See* (Mot. to Dismiss or Transfer Venue Ex. C, at ¶¶ 2–19, ECF No. 5-5).

In 2014, Secant moved to dismiss all claims against it in the mass tort proceeding. Secant argued that, as a biomaterials supplier, it was immune from liability under the Biomaterials Access Assurance Act, 21 U.S.C. §§ 1601–06 (2012). After briefing and oral argument, Judge New agreed and dismissed all claims against Secant with prejudice. *See* (Defs.' Resp. Opp'n Mot. to Remand Ex. A, ECF No. 7-1) (2014 Order).

Months later, the parties in the *Pelvic Mesh Litigation* entered a stipulation agreeing that Judge New's order dismissing Secant was "global in nature and binding on all Pelvic Mesh cases then pending or thereafter filed in the Philadelphia Court of Common Pleas." (Notice of Removal Ex. A-2, at ¶ 1, ECF No. 1) (2015 Stipulation). The plaintiffs also promised not to name Secant "as a defendant in any Pelvic Mesh matter initiated in the [Philadelphia Court of Common Pleas]." (*Id.* at ¶ 2.) Judge New adopted this stipulation with the clarification that his 2014 Order applied to, and thus dismissed, all claims against Secant filed from August of 2014 to January of 2015. *See* (Notice of Removal Ex. A-3, ECF No. 1) (Clarifying Order). From 2015 through 2018, no plaintiff asserted a claim against Secant in the *Pelvic Mesh Litigation*. *See* (Resp.

2

Opp'n Mot. to Remand 4–5, ECF No. 7); *Monroe v. Ethicon, Inc.*, No. 2:19-cv-05384-MAK, 2019 WL 7050130, at \*6 (E.D. Pa. Dec. 23, 2019).

But in 2019, a law firm—Motley Rice, LLC—began filling dozens of individual cases in the *Pelvic Mesh Litigation* naming Secant as a defendant. *See* (Notice of Removal Ex. A-4, at 6 n.1, ECF No. 1). Without adding any new facts or legal theories, the new plaintiffs merely adopted the 2014 long form complaint. *See, e.g.*, (Notice of Removal Ex. A, ECF No. 1) (Short Form Compl.); *Monroe*, 2019 WL 7050130, at \*6. Hoping to avoid relitigating the immunity issue, Secant moved to enforce the 2014 Order and the 2015 Stipulation dismissing all claims against it. (Notice of Removal Ex. A-4, ECF No. 1.) Though Judge New declined this request, he noted that nothing prevented Secant from moving to dismiss the new suits on immunity grounds. *See* (*id.* Ex. A-5, ECF No. 1). Secant did just that, and by late September of 2019 Judge New had dismissed all claims against Secant with prejudice in at least eleven cases filed by Motley Rice.[1]

In October of 2019, Virginia Curran—represented by Motley Rice—sued Ethicon and Secant in the Philadelphia Court of Common Pleas. *See* (Short Form Compl.). As in the other dozen or so Motley Rice cases, Curran's Short Form Complaint adopted the 2014 long form complaint; other than noting that she lived in Massachusetts and had had the pelvic mesh device implanted in Rhode Island, Curran added no new facts or

---

[1] *See Newman v. Ethicon, Inc.*, No. 2:19-cv-04496-WB at \*1 (E.D. Pa. Nov. 21, 2019) (unpublished); *Seger v. Ethicon, Inc.*, (No. 2:19-cv-04494-TJS, ECF No. 13-6); *Murphy v. Ethicon, Inc.*, (No. 2:19-cv-04495-NIQA, ECF No. 10-6); *Roth v. Ethicon, Inc.*, (No. 2:19-cv-04497-JP, ECF No. 12-6); *Pena v. Ethicon, Inc.*, (No. 2:19-cv-04498-NIQA, ECF No. 10-6); *Crosby v. Ethicon, Inc.*, (No. 2:19-cv-04500-JHS, ECF No. 13-6); *Kuminski v. Ethicon, Inc.*, (No. 2:19-cv-04501-WB, ECF No. 13-6); *Burkhart v. Ethicon, Inc.*, (No. 2:19-cv-04502-ER, ECF No. 12-6); *Morrison v. Ethicon, Inc.*, (No. 2:19-cv-04503-PD, ECF No. 12-6); *Stewart v. Ethicon, Inc.*, (No. 2:19-cv-04776-GAM, ECF No. 8-6); *Davis v. Ethicon, Inc.*, (No. 2:19-cv-04778-ER, ECF No. 8-6).

legal theories. *See* (*id.*) Secant promptly moved to dismiss. *See* (Notice of Removal Ex. A, ECF No. 1). In opposing that motion, Curran relied on the facts set out in the long form complaint. *See* (Defs.' Resp. Opp'n Mot. to Remand Ex. C, at 2–4, ECF No. 7-3). As he had done so many times before, Judge New dismissed all claims against Secant with prejudice and ordered Curran to "file an Amended Short Form Complaint that d[id] not name . . . Secant . . . as a defendant." (Defs.' Mot. to Dismiss Ex. A, ECF No. 5-3.)

## II

A defendant may remove a case originally filed in state court to federal court if the federal court would have had original jurisdiction over the case.[2] 28 U.S.C. § 1441(a). In cases lacking a federal question, removal is allowed only if the parties are diverse and the amount in controversy exceeds $75,000. *Id.* § 1332(a). For removal purposes, courts require diversity both when removal is sought and when the suit was filed in the state court. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). But even if diversity jurisdiction exists, the "forum-defendant rule" bars removal "if any of the parties in interest properly joined and served as defendants is a

---

[2] Courts strictly construe removal statutes and resolve all doubts in favor or remand. *See In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). The rationale for this rule flows from federal courts' obligation to "scrupulously confine their own jurisdiction to the precise limits which [Congress] has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). Indeed, recitations of that strict-construction rule invariably also note that "a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). But here "the forum defendant rule is procedural rather than jurisdictional" because this case could have been filed in federal court originally. *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (quotation omitted). Given the lack of jurisdictional concerns, it is unclear the Court must strictly construe § 1441(b)(2) or impose any heightened burden on Ethicon. The Court need not resolve that question here, however, because Ethicon prevails under any interpretation of § 1441(b) or any heightened burden.

4

citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018).

Ethicon appropriately removed this case. The parties agree that the amount in controversy exceeds $75,000. *See* (Notice of Removal ¶¶ 10–12); (Mem. Supp. Mot. to Remand 5, ECF No. 4-1). Curran is a Massachusetts citizen. (Defs.' Mot. to Dismiss or Transfer Venue Ex. B, at ¶ 2, ECF No. 5-4) (Am. Short Form Compl.) Ethicon is a citizen of New Jersey. (Notice of Removal ¶¶ 14–15.) Secant is a citizen of Pennsylvania. *See* (Mem. Supp. Mot. to Remand 7). Thus, diversity jurisdiction existed when Curran first filed the suit and at the time of removal. *See* 28 U.S.C. § 1332(a).

The forum-defendant rule does not apply because Secant was not "properly joined." 28 U.S.C. § 1441(b)(2). The "properly joined" language "prevent[s] a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed." *Encompass Ins.*, 902 F.3d at 153 (quotation omitted). That is, "the phrase 'properly joined and served' addresses a specific problem—fraudulent joinder by a plaintiff."[3] *Id.* A plaintiff fraudulently joins a defendant if: (1) there is no reasonable basis in fact or colorable ground supporting the claim," or (2) the plaintiff had "no real intention in good faith to prosecute the action against the defendant." *In*

---

[3] As Judge Baylson warns, courts "must use caution in applying the concept of 'fraudulent joinder,'" particularly when dealing with § 1441(b) because "[t]here is a big gap of facts and law between the concept of a defendant who is not 'properly joined' and a defendant who is 'fraudulently joined.'" *Markham v. Ethicon, Inc.*, --- F. Supp. 3d Cir. ----, 2:19-cv-05464-MMB, 2020 WL 372147, at *3 (E.D. Pa. Jan. 22, 2020) (unpublished). The doctrine of fraudulent joinder typically applies when a plaintiff names a non-diverse party as a defendant to defeat diversity jurisdiction. *See, e.g.*, *In re Briscoe*, 448 F.3d at 217–18. Whether the doctrine also applies when a plaintiff names a diverse, forum defendant is unclear. *See Jallad v. Madera*, 784 F. App'x 89, 94 (3d Cir. 2019) (unpublished). That said, given § 1441(b)(2)'s "fraudulent-joinder rational," the Court assumes that the traditional fraudulent-joinder standards apply here. *Encompass Ins.*, 902 F.3d at 153.

5

*re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Curran lacked a good-faith intention to prosecute her claims against Secant. Judge New dismissed Secant with prejudice from the *Pelvic Mesh Litigation* in 2014. Yet, of all the courts where she could have filed her lawsuit, she went back to Judge New. In doing so, Curran benefited from prior plaintiffs' efforts in drafting the long form complaint. But she also had to know that claims against Secant in the Philadelphia Court of Common Pleas mass tort proceeding were doomed. After all, just weeks before Curran sued Secant, Judge New had dismissed Secant with prejudice from at least eleven identical cases filed by Curran's lawyers. *See supra*, note 1. In not one of those cases did Curran's lawyers offer any new facts or legal theories. Nor did they appeal any of those adverse rulings. This *Groundhog Day*-esque sequence leaves little to no doubt that Curran—and her counsel—knew all along that Secant would be dismissed. Curran had no good-faith intention to prosecute her claims against Secant. Secant was not "properly joined," and Ethicon properly removed the case.

### III

"For convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Transfer under § 1404(a) is appropriate only if "both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Venue is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or any "district in which [a] defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(b)(2), (c)(2).

6

When resolving a motion to transfer, courts consider several private and public interests. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). Relevant private interests include: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) where the claims arose; (4) the convenience of the parties; and (5) "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses." *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *see also Jumara*, 55 F.3d at 878. Relevant public interests include: (1) "practical considerations that could make trial easy, expeditious, or inexpensive"; (2) "the local interest in deciding local controversies at home"; and (3) "the public policies of the fora." *Id.*

The Court concludes that transfer to the District of Rhode Island under § 1404(a) is appropriate here. Venue is proper in this district because, as Judge New ruled, Ethicon is subject to personal jurisdiction in Pennsylvania. *See* (Mem. Opp'n Mot. to Dismiss or Transfer Ex. C, ECF No. 9-3). Venue is proper in the District of Rhode Island because a substantial part of the events or omissions giving rise to the claim—namely, the implantation of the pelvic mesh device—occurred in that district. *See* (Am. Short Form Compl. ¶ 7). Although Curran's preferred forum counsels against transfer, the remaining private interests favor transfer. Far more of the relevant events occurred in Rhode Island, and trial in that district would be more convenient for Curran as a Massachusetts resident. And several key witnesses—such as the physician who implanted the device—are likely in Rhode Island, beyond the Court's subpoena power. The public interests also favor transfer; trial in Philadelphia (removed from the

7

witnesses and evidence) would be more expensive and cumbersome than in Rhode Island, the venue with a greater local interest in resolving this case.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.